UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOFENY DURAN, on behalf of himself and, Jofeny Duran, on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>AUTOZONERS, LLC, AUTOZONE STORES, INC., AND AUTOZONE, INC.,<br><br>      Defendants. | **NOTICE OF REMOVAL**<br><br>Supreme Court<br>County of Bronx<br>Index No. 811794/2022E |

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446 and 1453, Defendants AutoZoners, LLC, AutoZone Stores, Inc., and AutoZone, Inc. (collectively "AutoZone"), without waiving and specifically reserving any and all rights, defenses and objections, hereby gives notice of its removal of the above-captioned matter from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, and respectfully represents as follows:

## BACKGROUND

1. Plaintiff Jofeny Duran ("Plaintiff") filed the Complaint ("Complaint") in this matter against AutoZone on or about August 11, 2022 in the Supreme Court of the State of New York, County of Bronx, Index No. 811794/2022E. A copy of the Summons and Complaint are attached hereto as Exhibit 1.

2. Plaintiff is the only named plaintiff in the Complaint and AutoZoners, LLC, AutoZone Stores, Inc., and AutoZone, Inc. are the only named defendants in the Complaint.

3.     The Complaint alleges that "AutoZone operates approximately 6,000 store locations in the United States," including "212 store locations in New York State alone." Complaint, ¶ 24.

4.     Plaintiff alleges that "he began working in October of 2021, continues to work, and during the employment worked at two different AutoZone stores in the Bronx." Complaint, ¶ 32. He states that his "weekly hours varied, and ranged between usually 10 and 25 hours per week." Complaint, ¶ 33. He alleges that he was "paid at the minimum wage at all times" and was paid "on a bi-weekly basis." Complaint, ¶¶ 34, 36. He also says that he had a "required work uniform," but AutoZone did not pay for or reimburse him for the cost of the purchase or maintenance of the uniform.  Complaint, ¶¶ 35, 40-46, 52-59.

5.     Plaintiff brings two claims on behalf of himself and a putative class. The first claim is based on Article 19 of the New York Labor Law ("NYLL"), and specifically regulations in 12 N.Y.C.R.R. Part 142 entitled "Minimum Wage Order for Miscellaneous Industries and Occupations." Complaint, ¶ 51, et seq. Plaintiff claims that AutoZone was required to cover or reimburse the "required uniform" expenses and AutoZone's failure to do so brought Plaintiff's and the putative class members' pay below the minimum wage. Plaintiff seeks unspecified damages for this claim.

6.     The second claim is brought under NYLL § 191. Complaint, ¶ 61, et seq. Plaintiff claims that he and the putative class members should have been paid weekly, instead of bi-weekly, because they were supposedly "manual workers" within the meaning of NYLL § 191(1)(a). Plaintiff does not allege that he and the putative class members failed to receive full compensation that they were owed for all hours worked. Plaintiff seeks to recover liquidated damages under NYLL § 198 "equal to the total of the delayed wages" meaning Plaintiff wants 50% of his pay and

50% of all class members' pay as liquidated damages, since the allegation is that the wages for the first week of each bi-weekly pay period were "delayed."

7. Plaintiff defines the putative class as all "hourly paid employees of [AutoZone] in the State of New York at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practice complained of is discontinued . . . ." Complaint, ¶ 10. He also defines the class as "[a]ll current and former employees who worked for [AutoZone] in the State of New York [during the same six-year-plus time period] who were paid an hourly rate within $1.50 of the applicable minimum wage and who were required as a condition of their employment to wear uniforms; were not offered or provided laundering services for the required uniforms; were not provided uniform maintenance pay or reimbursement; and/or were required to pay for the required uniforms." Complaint, ¶ 14. Plaintiff alleges that the class membership is "in excess of 1000 individuals." Complaint, ¶ 16.

## JURISDICTION

8. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(d), known as the Class Action Fairness Act ("CAFA").

9. Jurisdiction exists under CAFA if the underlying lawsuit alleges that the matter is a "class action," the class has more than 100 members, "any member of a class of plaintiffs is a citizen of a State different from any defendant," and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2) and (d)(5)(B); *see also Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592 (2013); *Stellato v. Hofstra Univ.,* 2022 U.S. Dist. LEXIS 109627, *2 (E.D.N.Y. Jun. 17, 2022).

10. In the Complaint, Plaintiff expressly seeks to certify the matter as a class action and he alleges the class exceeds more than 100 members. Complaint, ¶¶ 10, 16.

11.    In addition, "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." According to the Complaint, Plaintiff is and was a citizen of the State of New York, both at the time of filing this suit and at the time of removal. Complaint, ¶ 1. And Plaintiff alleges that the three defendants are and were non-New York entities at the time of filing this suit and at the time of removal : AutoZoners LLC "is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business at . . . Memphis Tennessee";[1] AutoZone Stores, Inc. "is [a] foreign business corporation organized under the laws of the State of Nevada with its principal place of business at . . . Memphis Tennessee"; and AutoZone, Inc. is a "foreign business corporation with its principal place of business at . . . Memphis, Tennessee."[2] Complaint, ¶¶ 4-6.

12.    Finally, the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." The Complaint does not specify a particular amount for the recovery of damages and attorney's fees, but the allegations in the Complaint show that the amount placed in controversy by Plaintiff exceeds $5 million.

13.    To begin with, the Complaint alleges that the potential class exceeds 1,000 members. Complaint, ¶ 16. In actuality, AutoZone has employed many thousands of individuals in hourly positions in the State of New York over the six-year class period.

14.    Plaintiff's NYLL § 191 claim provides an example for how the Complaint satisfies the $5 million jurisdictional threshold. In that claim, Plaintiff seeks liquidated damages for himself

---

[1] Under CAFA, limited liability companies are treated in the same manner as corporations for the purposes of determining citizenship. 28 U.S.C. § 1332(d)(10). In any event, the sole member of AutoZoners LLC is likewise a non-New York entity. The member is AutoZone Investment Corporation, which is organized under the laws of Nevada and its principal place of business is in Tennessee.

[2] AutoZone, Inc. is organized under the laws of the State of Nevada.

and the thousands of class members in the amount of 50% of his and all putative class members' total pay.

15. For example, in Plaintiff's individual situation, Plaintiff alleges that he worked an average of 17 hours per week and made minimum wage. Complaint, ¶¶ 33-34. Considering that the minimum wage in New York has been $15 per hour for the past several years, that means that Plaintiff's pay in a one-year period would be approximately $13,260 ($15 x 17 x 52). Thus, his purported liquidated damages for his claim for one year would be $6,630. Conservatively assuming that the 1,000 class members were all part time employees (like Plaintiff) and worked for just one year, the liquidated damages for the class would be $6,630,000, above the $5 million threshold.

16. The reality is amount in controversy on just the § 191 claim far exceeds this $6,630,000 figure. Most employees were full time employees and/or worked many more hours in a week than the 17 hours per week worked by Plaintiff, the class covers more than six years (not just one year), and the number of AutoZone's hourly employees in New York was in the multiple thousands over the relevant time period (not just 1,000 employees).

17. Independently and in addition, the claim for unreimbursed uniform expenses ensures that the amount in controversy exceeds $5 million. Plaintiff contends that Plaintiff and the thousands of class members were all required to wear a uniform, and that AutoZone owes them for the expense of purchasing the uniforms and maintaining the uniforms over a six-year period. Complaint, ¶¶ 10, 51.

18. Furthermore, Plaintiff also seeks attorney's fees, which increases the amount in controversy even more. Complaint, ¶ 64, Prayer for Relief.

19. This Court has jurisdiction over all claims in the Complaint and/or pursuant to the supplemental jurisdiction as outlined in 28 U.S.C. § 1367.

## REMOVAL IS TIMELY AND PROPER

20. Plaintiff filed the Complaint on August 11, 2022. Exhibit 1. AutoZoners, LLC was served with the Complaint on August 15, 2022, AutoZone Stores, Inc. was served with the Complaint on August 18, 2022, and AutoZone, Inc. was served with the Complaint on August 18, 2022. See Exhibits 2, 3 and 4. As a result, AutoZone is removing this case within the required 30-day time period (within 30 days of service).

21. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1446 and 1453, as the Supreme Court of the State of New York, County of Bronx, is located within the district of the Southern District of New York. 28 U.S.C. § 112(b).

22. Pursuant to 28 U.S.C. §§ 1446 and 1453, a copy of all process, pleadings and orders served on AutoZone prior to removal are attached to this Notice of Removal as **Exhibits 1-4.**

23. By virtue of this Notice of Removal, AutoZone does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure, including contesting personal jurisdiction and service, or any other positions or defenses allowed under any laws or rules that are or could be applicable to this case, and AutoZone reserves any and all such rights.

24. Undersigned counsel certifies that a Notice of the filing of this removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of Bronx. Also, AutoZone will promptly provide written notice of the filing of this Notice of Removal to counsel for Plaintiff.

25. Based on the foregoing, this Court has original jurisdiction of this case. Removal to this Court is proper.

WHEREFORE, AutoZoners, LLC, AutoZone Stores, Inc., and AutoZone, Inc. respectfully pray that this Notice of Removal be deemed good and sufficient.

Dated: September 13, 2022

Respectfully submitted,

*/s/ Michael D. Billok*
Michael D. Billok
Bond Schoeneck & King PLLC
268 Broadway, Suite 104
Saratoga Springs, NY 12866
Tel: (518) 533-3236
Fax: (518) 533-3299
Email: billokm@bsk.com

Jessica C. Moller
Bond Schoeneck & King PLLC
1010 Franklin Avenue, Suite 200
Garden City, NY 11530
Telephone: (516) 267-6332
Facsimile: (516) 267-6301
Email: jmoller@bsk.com

*Attorneys for Defendants, AutoZoners, LLC, AutoZone Stores, Inc., and AutoZone, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court of the United States District Court for the Southern District of New York, by using the electronic filing system and that a copy of the foregoing pleading was served upon counsel for Plaintiff by e-mail the same date.

                                                            */s/Michael D. Billok*