UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jofeny Duran,

                *Plaintiff*,

-against-

AutoZoners LLC, AutoZone, Stores, Inc., and AutoZone, Inc.,

                *Defendants*.

No. 1:22-cv-07817-LGS

**AMENDED COMPLAINT**

Plaintiff Jofeny Duran ("Plaintiff") brings this action for damages and other legal and equitable relief against defendants AutoZoners LLC, AutoZone, Stores, Inc., and AutoZone, Inc. ("Defendants"), upon personal knowledge as to himself and upon information and belief as to others, for violations of the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

**PARTIES**

1. Plaintiff Jofeny Duran is an adult, over eighteen years old, a citizen of New York State and resides in Bronx, New York.

2. Plaintiff was, throughout his entire employment with Defendants, a covered, non-exempt employee within the meaning of the NYLL. As such, Plaintiff is, and was, entitled to be paid in full for all hours worked, on a weekly basis.

3. Plaintiff was also wrongfully deprived of uniform maintenance pay, and wrongfully forced to bear the cost of purchasing required work uniforms.

4. Defendant AutoZoners LLC is a foreign business corporation organized and existing

under the laws of the State of Delaware with its principal place of business at 123 South Front Street, Memphis Tennessee 38103 and a service of process in the care of C T Corporation at 701 South Carson Street, Suite 200, Carson City, Nevada, 89701. AutoZoners LLC is the entity listed on Plaintiff's 2017 W2.  The address on Plaintiff's pay stub matches the principal place of business listed on the State of Nevada's Business Portal website.  AutoZoners LLC does not appear to have a registered entity with New York's Department of State's Division of Corporations.

5. Upon information and belief, Defendant AutoZone Stores, Inc. is a parent company of AutoZoners LLC.  AutoZone Stores, Inc. is registered with New York's Department of State's Division of Corporations as foreign business corporation organized under the laws of the State of Nevada with a principal place of business at 123 South Front Street, Memphis Tennessee 38103 and a service of process address in the care of C T Corporation at 28 Liberty Street, New York, New York 10005.  AutoZone Stores, Inc.'s principal business address matches the principal business address of AutoZoners LLC.

6. Defendant AutoZone, Inc. is a foreign business corporation with its principal place of business at 123 South Front Street, Memphis Tennessee 38103 and a service of process address in the care of C T Corporation at 28 Liberty Street, New York, New York, 10005.  AutoZone Inc.'s principal place of business address matches the principal business address of AutoZoners LLC, and AutoZone Stores, Inc.

7. Each Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiffs' employment.

8. Defendants each maintained control, oversight, and direction over Plaintiff in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

9. Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiff, are each considered an employer under the NYLL §190(3).

## FACTS

10. AutoZone operates approximately 6,000 store locations in the United States, had just under $14.63 billion in annual revenue in 2021, and employs 100,000 people. Defendants have 212 store locations in New York State alone.

11. AutoZone, Inc. holds itself out as "the leading retailer, and a leading distributor, of automotive replacement parts and accessories in the Americas" and that it "began operations in 1979 and at August 28, 2021, operated 6,051 stores in the United States ("U. S.")."

12. AutoZone, Inc. along with other corporate defendants, are each individual, and together jointly, an employer of Plaintiff under the New York Labor Law.

13. A joint employer is jointly and severally liable for all underpayments in violation of the NYLL, whether or not that joint employer facilitated or caused the particular violation. Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 184, 186 (S.D.N.Y. 2003).

14. Each AutoZone store includes the employees working in the following roles and/or holding the below titles, all of whom perform physical tasks and are paid hourly (except where noted), on a bi-weekly basis except Store Managers.

15. Each Defendant, individually, and jointly, had the power to hire and fire the employees; supervised and controlled employee work schedules or conditions of employment;

determined the rate and method of payment; and maintained employment records.

16. Defendants also constitute a single integrated enterprise on the basis of share management, shared ownership, centralized administration, and unity of purpose.

17. All of the below factual allegations are, upon information and belief, consistent among Plaintiffs and all members of the Class.

18. Plaintiff Jofeny Duran began working in October 2021, continues to work, and during the employment worked at two different AutoZone stores in the Bronx.

19. Plaintiff Duran/s weekly hours varied, and ranged between usually 10 and 25 hours per week.

20. Plaintiff Duran was paid at the minimum wage at all times.

21. Plaintiff Duran paid for the cost of his required work uniform.

22. At all times, Defendants paid Plaintiff on a bi-weekly basis.

23. Plaintiff and the proposed class members' duties consisted of: lifting auto parts packages up to 100 pounds, installing batteries for customers, stocking store shelves, and performing general cleaning tasks.

24. Plaintiff spent at least 25% of the time performing physical tasks that qualify him as a Manual Worker as that term is used in Section 190(4) of the New York Labor Law.

25. Plaintiff's rate of pay was always at or below the applicable minimum wage for a large employer in New York City on a weekly basis accounting for all compensation owed, including uniform maintenance pay.

26. At the first AutoZone location at 2102 Jerome Avenue, Bronx, New York 10453 where Plaintiff worked part time, his manager Jessica Colon allowed him to wear a

       non-AutoZone shirt as long as it was a red polo shirt, along with plain black pants, plain black shoes, and a black belt.

27. Plaintiff did not possess any of these articles of clothing and was required to purchase them out of pocket.  Plaintiff was never reimbursed by Plaintiff for these expenses.

28. At the second AutoZone location at 5701 Broadway, Bronx, New York 10463 where Plaintiff has worked full time, his manager Jose Prado also required him to wear black shoes, pants, and a black belt, as well as either a red AutoZone shirt with the store's logo or a black AutoZone sweater with the store's logo.

29. In September 2022, when Plaintiff arrived at work with a plain black sweater that did not have the AutoZone logo, his manager called him into his office.

30. Jose Prado told Plaintiff that he had to wear a sweater with an AutoZone logo and offered to lend him a large AutoZone sweater for the day. Plaintiff wears a size medium sweater, so Prado sent Plaintiff home to change into an AutoZone sweater he had at home.

31. At the 5701 Broadway location, Defendants provided two red AutoZone polo shirts and deducted $10 each from his wages.  He was provided a black AutoZone Sweatshirt free of charge.

32. Throughout Plaintiff's employment, he has been required to change customers' batteries and the battery acid often makes holes in his required clothing, forcing him to replace pairs of pants on a regular basis and his pair of shoes once.

33. Defendants have never reimbursed Plaintiff for the initial expenses of buying the non-AutoZone items of clothing that he is required to wear, nor for the items damaged during battery changes that he was required to perform.

34. At Plaintiff's first store, he was required to comply with the dress code at all times while employed by Defendants.

35. At Plaintiff's second store, he was required to wear a uniform at all times consisting of a red polo shirt or a black sweater, each with the AutoZone logo as well as comply with the dress code.

36. Plaintiff was required by Defendants to wear this uniform every shift while at the Broadway store and comply with the dress code at both the Broadway and the Jerome Avenue stores.

37. Plaintiff did, in fact, wear the uniform and dress code every shift.

38. Defendants did not launder Plaintiff's required uniforms, nor did Defendants offer to launder the required uniforms.

39. Plaintiff's uniforms were issued by Defendants to them for the expressed benefit of Defendants and it was a condition of Plaintiffs' employment to wear them in a clean condition during each shift.

40. Defendants never paid any uniform maintenance pay or reimbursement for the cost of maintaining the uniform.

41. Plaintiff was entitled to additional pay for time spent off the clock and money spent in laundering and maintaining Defendants' uniform.

42. Because of Defendants' improper compensation policies, Plaintiff was deprived of pay, in direct violation of the NYLL

43. This pattern of conduct was continuous throughout Plaintiff's employment.

44. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION

*Violation of the New York Labor Law*

*Unpaid Wages - Unreimbursed Uniform Purchase Maintenance Costs*

45. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

46. Defendants required Plaintiff to wear a uniform consisting of a shirt or a sweater emblazoned with Defendants' logo.

47. Defendants did not launder Plaintiff's required uniforms, nor did Defendants offer to launder them.

48. Plaintiff's uniforms were issued by Defendants for the expressed benefit of Defendants and it was a condition of their employment to wear them during each shift.

49. Defendants never paid to Plaintiff any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

50. Plaintiff and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendants required.

51. The hourly rate paid by Defendants to Plaintiff were either the applicable minimum wage, or a rate that although above the minimum wage was effectively below the minimum wage when calculating the unpaid uniform maintenance pay.

52. Upon information and belief, the cost of Plaintiff's uniforms were deducted from Plaintiff's wages. The applicable wage order provides that "Where an employee purchases a required uniform, he shall be reimbursed by the employer for the cost thereof not later than the time of the next payment of wages."

53. In any event, Plaintiff not only brings this claim for the cost of the uniforms but also the cost of maintaining the uniforms.

54. Defendants' conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 142 the Minimum Wage Order for Miscellaneous Industries and Occupations.

## SECOND CAUSE OF ACTION

*Violation of the New York Labor Law – Failure to Pay Timely Wages*

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protects Plaintiff and the proposed class.

57. Defendants failed to pay Plaintiff on a timely basis as required by NYLL § 191(1)(a).

58. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages in an amount to be determined in this action and the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

59. Plaintiff and the Class performed physical work for Defendant and qualify as manual workers pursuant to New York Labor Law § 191, paragraph 1(a).

## THIRD CAUSE OF ACTION

*Plaintiff's Unreimbursed Dress Code Expenses Constituted Illegal Wage Deductions*

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants required Plaintiff to buy sets of clothing that he did not previously own out of pocket and never reimbursed him for these expenses.

62. Plaintiff's out of pocket expenses were incurred at the start of his employment, and continue to be incurred as his clothing is damaged while performing Defendants' required customer battery changes.

63. Plaintiff's earned wages fell below minimum wage during the weeks when he incurred unreimbursed out of pocket expenses by purchasing clothing in order to keep his job.

64. Plaintiff is entitled to compensatory damages and any other relief that the Court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. A jury trial on these issues to determine liability and damages;

b. All damages which Plaintiff has sustained as a result of Defendants' conduct, including but not limited to unpaid wages and other compensatory damages, and liquidated damages,

c. Awarding Plaintiff his costs and disbursements incurred in connection with this action including reasonable attorneys' fees, and other costs, where such are permitted;

d. Pre-judgment and post-judgment interest, as provided by law; and

e. Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, NY
October 20, 2022

*Respectfully Submitted,*

_____
Mohammed Gangat, Esq.

                LAW OFFICE OF MOHAMMED GANGAT
                675 Third Avenue, Suite 1810,
                New York, NY 10017
                718-669-0714
                mgangat@gangatpllc.com