```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JOFENY DURAN,                                                 :
                                    Plaintiff,                :     22 Civ. 7817 (LGS)
                                                              :
                  -against-                                   :     ORDER
                                                              :
AUTOZONERS, LLC, et al.,                                      :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 13, 2022, Defendants filed a notice of removal from the Supreme Court of the State of New York, Bronx County. The Court was alleged to have diversity jurisdiction over the case under 28 U.S.C. § 1332(d), known as the Class Action Fairness Act.

WHEREAS, as stated in a letter filed September 19, 2022, the parties agreed to Plaintiff's counsel amending the Complaint to take out the class claims, among other changes. Plaintiff filed an Amended Complaint on October 20, 2022, and a Second Amended Complaint (the "SAC") on October 26, 2022. The SAC no longer includes the class claims and fails to provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

WHEREAS, "federal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). The "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussi*er, 211 F.3d 697, 700-01 (2d Cir. 2000). Where an action has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

WHEREAS, for jurisdiction to exist under the Class Action Fairness Act, the underlying lawsuit must allege that the matter is a class action. 28 U.S.C. § 1332(d). As the SAC no longer alleges the class claims, this subsection of 28 U.S.C. § 1332 cannot serve as the basis for the Court's jurisdiction.

WHEREAS, under 28 U.S.C. § 1332(a), district courts have original jurisdiction over cases between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994); *accord Mavrommatis v. Carey Limousine Westchester, Inc.*, 476 F. App'x 462, 467 (2d Cir. 2011). Here, the SAC fails to allege any amount in controversy, let alone that it exceeds the sum or value of $ 75,000. The Court therefore lacks diversity jurisdiction.

WHEREAS, 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The SAC does not allege a federal claim. Thus, the Court also lacks federal question jurisdiction. For the foregoing reasons, it is hereby

**ORDERED** that the matter is remanded to state court. The Court lacks subject matter jurisdiction over the action. Pursuant to section 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County. The Clerk of Court is further directed to close the case.

Dated: October 27, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE